IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SANDOZ INC. and ALCON )
LABORATORIES, INC., )
                                  )
       Plaintiffs, )
                                  )
       v. )               1:17-CV-823
                                  )
DUKE UNIVERSITY, ALLERGAN )
SALES, LLC., and ALLERGAN, INC., )
                                  )
       Defendants. )

## ORDER AND JUDGMENT

The defendants have moved to dismiss the case for lack of subject matter jurisdiction, Doc. 18, because this case concerns the same parties and issues as a case the defendants previously filed against the plaintiffs in the Eastern District of Texas, *Duke University v. Sandoz Inc.*, No. 2:17-cv-528 (E.D.Tex). The parties agreed that venue was improper before the Texas court in light of recent precedent, and the Texas court ordered the case severed as to individual defendants and transferred to the District of Colorado and the District of New Jersey. Doc. 50-1. Both the first-to-file rule and the Texas court's order support dismissing this case and the Court will grant the motion.

"When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). This case significantly overlaps with the *Duke University v. Sandoz*

*Inc.* case—the cases involve the same parties and issues of whether United States Patent 9,579,270 (the '270 patent) is invalid, unenforceable, or infringed by the Allergan and Sandoz parties. For this reason, the Court will apply the first-to-file rule and dismiss this case.

The plaintiffs contend that judicial economy supports an exception to the first-to-file rule because this Court previously presided over cases that address related patents. This Court's familiarity with the technical subject matter does not negate the great inefficiency that would result from having identical cases proceed here and in the Districts of Colorado and New Jersey. *See EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 130 (D. Mass. 2012) (noting that judicial economy supports deferring when there is a potential for "lawsuits between identical parties concerning identical issues … [to] proceed simultaneously in separate courts").

The plaintiffs also contend that the first-to-file rule is inapplicable because the Eastern District of Texas lacked venue, and therefore, lacked subject matter jurisdiction over the case. Improper venue does not strip a court of subject matter jurisdiction since Congress authorizes district courts to evaluate venue and to transfer a case in which venue is improper to a district where the case could have been brought. 28 U.S.C. § 1406; *see also Iselin v. La Coste*, 147 F.2d 791, 795 (5th Cir. 1945). For this reason, improper venue in the first-filed court does not limit application of the first-to-file rule or alter this Court's conclusion that the rule applies here.

The defendants move to seal Exhibit 2 to their brief in support of their motion to dismiss, and the plaintiffs move to seal Exhibits 2 through 4 to their opposition to the motion to dismiss. These exhibits concern the appropriate venue for the Texas case. The public has been provided notice and neither party nor any other entity has objected to the motions to seal. *See Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request to seal.").

Exhibit 2 to defendants' motion to dismiss has been filed in redacted form, Doc. 19-2, and the Court did not rely on the unredacted sealed information in reaching its decision. The sealed exhibit is thus not a judicial record and it may remain under seal. *See Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013). The motion will be granted.

The plaintiffs have not made an adequate showing that Exhibits 2 through 4 to their opposition brief to the motion to dismiss should be sealed. There is a public right of access to judicial records, and the parties' agreement or the existence of a protective order is not enough to overcome that right. There is no evidence to support the plaintiffs' conclusory claim that the letters contain sensitive, proprietary, or confidential information. As to these exhibits, the motion to seal will be denied.

It is **ORDERED AND ADJUDGED** that:

1. The defendants' motion to dismiss, Doc. 18, is **GRANTED** and this case is **DISMISSED without prejudice**.

2. The plaintiffs' motion for summary judgment, Doc. 5, and the defendants' motions to stay summary judgment proceedings and to file a sur-reply, Docs. 22 and 45, are **DENIED** as moot.

3. The defendants' motion to seal, Doc. 20, is **GRANTED** and the Clerk shall maintain the exhibit on file at Doc. 21 under seal.

4. The plaintiffs' motion to seal, Doc. 33, is **DENIED** and the Clerk shall unseal the exhibits on file at Docs. 35-1, 35-2, and 35-3.

This the 24th day of April, 2018.

_____
UNITED STATES DISTRICT JUDGE